IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>MICHELLE RUGGERI,<br><br>           Plaintiff,<br><br>vs.<br><br>MAGEE WOMENS RESEARCH<br>INSTITUTE AND FOUNDATION,<br><br>           Defendant. | 2:19-cv-862 |

# MEMORANDUM ORDER

This is a *qui tam* action brought under the False Claims Act. After the case was filed, the government filed a number of status reports and requests for extension, so that it could investigate the case and decide whether it wanted to intervene. Those documents reflected aspects of the government's investigation and were all filed under seal. In the end, the government decided not to intervene (ECF 56), and I unsealed the case, including the complaint and all these government filings (ECF 88).

I must now decide the government's motion to seal several of its prior filings. ECF 98. In an order that I issued about a month ago, I found that the filings didn't need to be sealed in their entirety. ECF 95. But I gave the government a chance to submit proposed redactions. *Id.* When I did that, I provided this guidance: references to routine investigative procedures wouldn't be sealed, but references to specific confidential techniques might. *Id.*

I have reviewed the government's proposed redactions. I find that some of them fall into the "routine" category, and so those ones won't be redacted, and the original filings will remain on the docket open to the public. Those include references to basic tasks, such as subpoenaing documents, reviewing documents, interviewing and deposing people, and having discussions with the lawyers for the parties.

That said, there are a few of the filings that reveal specific confidential techniques—for example, they refer to specific types of documents that the government reviewed, the government's processes for obtaining and reviewing documents and sub-sets of documents, potential expert analysis, and reasons why certain documents were relevant to the investigation.  I think those should be redacted, because otherwise they will reveal confidential and specific investigative thought processes and might chill the government from being as candid as it needs to be in future cases when it asks me again for extensions.  *See United States v. Carolina Comprehensive Health Network*, No. 16-234, 2021 WL 325705, at *5 (M.D.N.C. Feb. 1, 2021).

One more thing.  I will say that my approach to the redactions would probably be different had the complaint not been unsealed and the government elected to intervene.  By unsealing the complaint, everyone now knows the nature of the case, and so it's pretty obvious what anyone investigating the case would do and look at.  And because the government didn't intervene, there is no ***ongoing*** investigation to protect.

*   *   *

**AND NOW**, this 18th day of May, 2023, it is **ORDERED** that the government's Amended Motion to Seal Redacted Pre-Intervention Filings (ECF 98) is hereby **GRANTED in part** and **DENIED in part**.  The motion is denied as to ECF 15, ECF 18, ECF 20, ECF 21, and ECF 36. The motion is granted in part as to these filings and the following redactions are authorized:

- ECF 24.  Line 9 on "PDF page 4"[1] may be redacted.
- ECF 28.  Lines 10-19 on PDF page 5 may be redacted.
- ECF 31.  Last clause of lines 16-17 on PDF page 4 may be redacted.

---

[1] All references are to the "PDF page numbers" to the attachments to ECF 99.

- ECF 32.  The first two words on line 18 of PDF page 4 may be redacted.
- ECF 33.  The entire sentence beginning on line 17 of PDF page 4 may be redacted.
- ECF 34.  Lines 19-24 on PDF page 4 may be redacted.
- ECF 43.  Last line on PDF page 4 may be redacted.
- ECF 46.  Lines 10 through the end of the page on PDF page 5, lines 1, 3, and 4 on PDF page 6, and the proposed redactions in the first full paragraph of PDF page 6 may be redacted.
- ECF 47, ECF 51, ECF 52, ECF 53.  All proposed redactions are authorized.
- ECF 54.  The proposed redactions on PDF page 4 are authorized, and lines 1 and 2 on PDF page 5 may be redacted.

The Court hereby seals in their entirety ECF 24, 28, 31-34, 43, 46, 47, 51-54.  Counsel for the government shall file the redacted versions of those documents ***no later than May 25, 2023.***

                                             BY THE COURT:

                                             <u>/s/ *J. Nicholas Ranjan*</u>
                                             United States District Judge